United States District Court
Southern District of Texas

**ENTERED**

January 20, 2017

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JASON MARC NORTON, | § | |
| (TDCJ-CID #1134361) | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-17-0140 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND OPINION

Jason Marc Norton, an inmate of the Texas Department of Criminal Justice - Correctional Institutions division, sued in January 2017, seeking a writ of mandamus against the State of Texas. Norton seeks an order compelling the respondent to provide him with the transcripts of the criminal proceedings.

The threshold issue is whether this court has jurisdiction to consider Norton's petition for a writ of mandamus. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition for lack of jurisdiction. The reasons for this ruling are stated below.

### I.    Procedural History and Background

On November 9, 2014, Norton was charged with delivery of a controlled substance to a child and sexual assault in Cause Number 39156. Norton seeks to compel the State of Texas to provide him with the transcripts of the criminal proceedings so that he can prepare his post-conviction application for state habeas corpus relief.

### II.    Analysis

To the extent Norton seeks a writ of mandamus against the State of Texas, this court lacks

O:\RAO\VDG\2017\17-0140.a01.wpd 6/4/03 10:58 am

jurisdiction.    Federal district courts are courts of limited statutory jurisdiction.  *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.,* 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994).  The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  *Dunn-McCampbell Royalty Interest, Inc.,* 112 F.3d at 1288 (quoting 28 U.S.C. § 1361).  The respondent in this case is the State of Texas.  The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court.  This court lacks jurisdiction to entertain Norton's request for mandamus relief.

## III.    Conclusion

Norton's petition for a writ of mandamus is DENIED.  Any and all remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on _____Jan. 19_____, 2017.


_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE